UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| RUBEN MICHAEL CAVASOS, #325843, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-635 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| HARALD GILKY, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. §1983. Plaintiff is currently an inmate at the Standish Maximum Correctional Facility located in Standish, Michigan.  On September 19, 2005, plaintiff filed his complaint naming 20 state employees at the Ionia Maximum Correctional Facility (IMCF) as defendants.  (docket # 1). Plaintiff's complaint chronicles his multiple suicide attempts at IMCF in September 2004.  For example, plaintiff alleges that "On September 11, 2004, plaintiff attempted suicide . . . by cutting his left bicep numerous times with a razor blade, then insert[ing] a metal rod under the skin of his left forearm."  (*Id.* at 5, ¶ 1).  Plaintiff was transported to Ionia County Memorial Hospital by ambulance, was treated and returned to prison.  "As soon as the escort[] restraints were removed from the plaintiff in the shower, plaintiff unwrapped the bandages from his left bicep and then pulled a razor out of his mouth and proceeded to cut his left bicep again numerous times."  (*Id.* ¶ 6). Plaintiff again received medical attention.  On September 12, 2004, plaintiff allegedly "attempted suicide again by cutting his right hip and impaling himself with a sharpened metal rod, through th[e]

navel." (*Id.* ¶ 6). Plaintiff was transported to Ionia County Memorial Hospital where he remained until September 14, 2004. Plaintiff now seeks to recover monetary damages from the defendants in their individual capacities based on plaintiff's theory that the defendants' responses to his suicide attempts, including the medical care provided, physical restraints applied, and opportunities for breaks, constituted cruel and unusual punishment in violation of his Eighth Amendment rights.

On January 27, 2006, all seventeen defendants who have been served and appeared in this matter filed a motion for summary judgment. (docket # 33). Defendants' motion is accompanied by a brief, medical records, and other supporting documentation. (docket # 33). Defendants seek summary judgment on the grounds that the medical care, restraints applied and opportunities provided for breaks were all appropriate given plaintiff's repeated self-mutilation in his suicide attempts. Defendants argue that there is no basis for supervisory liability, and that all defendants are entitled to judgment in their favor on the basis of qualified immunity. On January 30, 2006, the court issued an order advising plaintiff of his opportunity to submit affidavits, documents and other materials in opposition to defendants' motion for summary judgment on or before February 27, 2006. (docket # 36).

On March 2, 2006, plaintiff filed the motion now before the court. (docket # 38). Plaintiff's motion asks the court to either deny defendants' motion for summary judgment or delay its decision. Plaintiff's affidavit states that he mistakenly believed that he could not conduct discovery until the court authorized it. (docket # 40, ¶ 5). Plaintiff states that he needs additional time to "file discovery and have depositions made on all defendants." (*Id.,* ¶ 2). He states that he "need[s] the depositions of every defendant" in order raise a genuine issue of fact for trial. (*Id.*, ¶ 4).

The relief sought by plaintiff is governed by Rule 56(e) of the Federal Rules of Civil Procedure.  The Sixth Circuit reviews lower court decisions on Rule 56(f) motions under an abuse of discretion standard.  *See United States v. Dairy Farmers, of Am., Inc.*, 426 F.3d 850, 863 (6th Cir. 2005); *Pilot v. General Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).   Rule 56(f) states, "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such order as is just."  "Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *see Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003); *see also Dairy Farmers*, 426 F.3d at 863 ( "[A] party opposing a summary judgment motion on Rule 56(f) grounds must indicate to the district court what material facts it hopes to discover.") (collecting cases); *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998)("This Court requires a party invoking rule 56(f) protections to do so in good faith by affirmatively demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.")(citations omitted).

A district court acts well within its discretion in denying a Rule 56(f) motion where the affidavit lacks the requisite specificity or the purported need for discovery is general or conclusory:

> It is not an abuse of discretion for the district court to deny the discovery request when the party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how the extension of time would have allowed the information related to the truth or falsity of the [document] to be discovered." *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999). It is also not an abuse of discretion to reject a rule 56(f) affidavit as insufficient to support further discovery when the affidavit lacks "any details" or "specificity." *Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989).

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004); *see Bamlage v. Wells Fargo Home Mort., Inc.*, 144 F. App'x 489, 493 (6th Cir 2005), *cert. denied*, __ U.S. __, 2006 WL 151592 (2006). "Bare allegations or vague assertions of the need for discovery are not enough. In order to fulfill the requirements of Fed. R. Civ. P. 56(f), [a party] must state with some precision the materials he hopes to obtain with further discovery and exactly how he expects those materials would help him in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citations omitted).

Plaintiff has not identified any specific discovery necessary to oppose defendants' motion for summary judgment. Plaintiff's general desire to take the depositions of all defendants does not suffice as a basis for denying or postponing a decision on defendants' pending motion for summary judgment. Defendants' motion is ready for decision, and will be addressed in the ordinary course of the court's business.

## Conclusion

For the reasons set forth herein, plaintiff's motion will be denied.


Dated:  March 21, 2006                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge


-4-